■ In the Matter of GAE FARMS, INC., Petitioner, v. HENRY L. DIAMOND, as Commissioner of Environmental Conservation of the State of New York, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Ulster County) to review a determination of the Commissioner of Environmental Conservation of the State of New York, dated December 21, 1971, which assessed a penalty of $5,000 for two violations of section 1220 of the Public Health Law (now Environmental Conservation Law, § 17–0501), and issued a cease and desist order against further violations. Petitioner operates a poultry farm in Ulster County, New York. Located thereon are three large coops each of which contain approximately 50,000 hens, and below each coop is a pit for the collection of waste. On December 7, 1970 the respondent brought a proceeding against petitioner alleging that petitioner on September 23, 1970 and November 19, 1970 had discharged sewage containing chicken manure and other visible floating solids into a classified tributary of Roundout Creek in contravention of the pollution standards for class " C " waters of the State of New York. After lengthy hearings, the hearing officer issued a report in which he recommended the actions taken by the Commissioner in the determination here under review. In this proceeding petitioner alleges that there is no substantial evidence in the record to support the determination of the Commissioner. Petitioner also questions the constitutionality of section 1220 and the alleged failure of the Environmental Conservation Department to comply with required procedures for classification of State waters. These latter two points lack merit and can be quickly disposed of. The alleged constitutional infirmity is said to be the use in section 1220 of the phrase " such waters ", which petitioner contends is unconstitutionally vague. The language of section 1220 must be read in context with article 12 of the Public Health Law which, as a whole, leaves it unavoidably clear which waters are prohibited from being polluted. Nor is the respondent required to affirmatively prove compliance with required procedures for enactment of regulations classifying State waters. Administrative actions are presumed to have been regular (see *Matter of Taub* v. *Pirnie*, 3 N Y 2d 188, 195),

and a hearing officer may take official notice of the regulations of agencies of this State which appear in the Official Compilation of Codes, Rules and Regulations (CPLR 4511, subd. [a]; *Matter of Wilco Props. Corp.* v. *Department of Environmental Conservation of State of N. Y.*, 39 A D 2d 6). The mere denial in petitioner's answer of knowledge or information sufficient to form a belief as to the allegation in respondent's petition that the stream had been lawfully classified is insufficient to rebut the presumption of regularity so as to place the burden of proof upon the respondent. Upon reviewing the record, it becomes apparent that substantial evidence supports the determination that violations occurred on September 23 and November 19, 1970. As to the former, a number of witnesses testified to seeing a murky grayish liquid flowing through a four-inch orangeburg pipe which emptied into and ran down a dry wash into a pond on the property of the witness Dunn, which pond was traversed by the stream in question. A former employee of petitioner testified that when this pipe was open, chicken manure was pumped through it. As to the second violation, various witnesses testified to seeing the same grayish substance running through trenches behind the coops. These trenches flowed directly into the stream. The employee testified that a sump pump was used to pump sewage out of the hen houses into these trenches. On the basis of this evidence, the respondent could properly find that the alleged violations had occurred, and we have no reason to disturb these findings. Determination confirmed, and petition dismissed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.